IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-149-BO
No. 5:12-CV-637-BO

| | | |
|---|---|---|
| DWAYNE ANTHONY FRAZIER, | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss or in the alternative for summary judgment, petitioner has responded to the motion, and the matter is ripe for ruling. For the reasons discussed below, the government's motion is granted.

## BACKGROUND

Petitioner, Mr. Frazier, was indicted in this district in May 2010 on nineteen counts of child pornography-related charges. At the time he was indicted, Mr. Frazier was on active duty in the United States Army at Ft. Bragg, North Carolina. On July 28, 2010, Mr. Frazier entered a plea of guilty pursuant to a plea agreement to count one of the indictment, manufacture of child pornography in violation of 18 U.S.C. §§ 2251(a) and (d); the government agreed to dismiss the remaining counts of the indictment at sentencing provided Mr. Frazier fulfilled his obligations under the agreement. The plea agreement also contained an express waiver of Mr. Frazier's right to appeal his sentence, reserving only the right to appeal a sentence in excess of his advisory guideline range, as well as a waiver of his right to contest his conviction in any post-conviction proceeding, excepting an appeal or motion based on ineffective assistance of counsel not known to Mr. Frazier at the time he entered his plea. [DE 20].

Mr. Frazier was sentenced on January 6, 2011, to a term of 180 months' imprisonment and a lifetime of supervised release. Mr. Frazier noticed a direct appeal, and by opinion entered October 24, 2011, the court of appeals affirmed Mr. Frazier's conviction and dismissed his appeal of his sentence in light of the appellate waiver in his plea agreement. Mr. Frazier then filed the instant § 2255 petition alleging that he is actually innocent of his charge of conviction and that his counsel was ineffective at sentencing for failing to move to withdraw Mr. Frazier's plea of guilty. Both claims ultimately rest on the findings of an administrative separation board convened by the Department of the Army to determine whether Mr. Frazier should be discharged dishonorably for the conduct that underlies this matter. After Mr. Frazier entered his guilty plea in this Court, but before his sentence was imposed, the Army's administrative separation board found that, while he had engaged in other child pornography-related conduct, Mr. Frazier had not committed the following act:

> employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing child pornography as defined in 18 U.S.C. § 2256(8) which conduct was to the prejudice of good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces.

[DE 47-2]. The government has moved to dismiss Mr. Frazier's motion for failure to state a claim upon which relief can be granted or in the alternative for summary judgment as to Mr. Frazier's claims.[1] Fed. R. Civ. P. 12(b)(6), 56. Because the Court has considered matters beyond

---

[1] Mr. Frazier's objection to the government's filing of a motion to dismiss or for summary judgment in response to his § 2255 petition is without merit. Rule 4(b) of the Federal Rules Governing § 2255 Proceedings provides that the government may file an answer, motion, or other response to a § 2255 motion within the time prescribed. Additionally, Rule 12 of the Federal Rules Governing § 2255 Proceedings specifically permits application of the Federal Rules of Civil Procedure to § 2255 proceedings. *See also Maynard v. Dixon*, 943 F.2d 407, 412 (4th Cir. 1991) ("Rule 56, Fed.R.Civ.P., applies to habeas proceedings"); *United States v. Reckmeyer*, 900 F.2d 257 (4th Cir. 1990) (unpublished table opinion) ("We agree that a district

2

Case 5:10-cr-00149-BO   Document 54   Filed 02/12/13   Page 2 of 6

Mr. Frazier's motion to vacate, the Court must determine whether there is a genuine dispute as to any material fact and whether the government is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986). In determining whether a genuine issue of material fact exists, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007), and Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## DISCUSSION

### I. Actual Innocence

Mr. Frazier is barred from collaterally attacking his plea of guilty as his plea agreement provided that he waived the right to contest his conviction in a post-conviction proceeding. *United States v. Lemaster*, 403 F.3d 216, 220-22 (4th Cir. 2005). Though Mr. Frazier contends that his guilty plea could not have been knowing or voluntary in light of the separation board's decision, the court of appeals has already concluded that Mr. Frazier's plea was both knowing and voluntary, and Mr. Frazier has procedurally defaulted on such a claim as he failed to raise it on direct appeal. *Bousley v. United* States, 523 U.S. 614, 621 (1998). In order to overcome procedural default, Mr. Frazier must show either cause and actual prejudice or that he is actually innocent. *Id.* at 622. Mr. Frazier contends, not that he can demonstrate cause or that he was

---

court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition.").

3

actually prejudiced, but that he is actually innocent of his conviction such that his default should be excused. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006).

Mr. Frazier's reliance on the decision of the separation board to show that he is actually innocent is misplaced. First, the separation board's charge and its consideration of the evidence presented to it have no bearing on the criminal proceedings that took place in this Court. The elements of the charge which Mr. Frazier was found not to have committed are different from the elements of the federal statute criminalizing the manufacture of child pornography, and the Court has identified no basis upon which it could hold that a military administrative proceeding would serve to undo a proper civilian criminal conviction. Perhaps more importantly, while actual innocence may excuse procedural default, Mr. Frazier has failed to "demonstrate actual factual innocence of the offense of conviction" by clear and convincing evidence. *United States v. Pettiford*, 612 F.3d 270, 282 (2010). His presentation of an administrative finding is insufficient to show that he is *factually* innocent of the underlying offense. Accordingly, the Court cannot excuse Mr. Frazier's procedural default on his claim that his plea was neither knowing nor voluntary.

II. Ineffective Assistance of Counsel

Mr. Frazier contends that his counsel was ineffective at sentencing for failing to move to withdraw his plea of guilty in light of the separation board's finding. In order to demonstrate that the assistance of his counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and

4

(2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

The rules of criminal procedure permit a defendant to withdraw a guilty plea before sentencing if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). There is no absolute right to withdraw a guilty plea, and its is within the discretion of the district court to determine whether withdrawal is appropriate. *United States v. Nicholson*, 676 F.3d 376, 383-84 (4th Cir. 2012) (quotations and citations omitted). Moreover, "a properly conducted Rule 11 guilty plea colloquy . . . raises a strong presumption that the plea is final and binding." *Id.* (quoting *United State v. Bowman*, 348 F.3d 408, 413 (4th Cir. 2003).

Mr. Frazier has failed to show that he was prejudiced by counsel's failure to seek withdrawal of his guilty plea based on the findings of the separation board. The decision to allow Mr. Frazier to withdraw his plea would have been committed to the discretion of the Court, and Mr. Frazier has not offered evidence that his plea was not knowing or voluntary. Furthermore, as discussed above, the administrative finding of the separation board as to a charge of conduct that is similar but not identical to the charge to which Mr. Frazier pleaded guilty is not relevant to his federal criminal proceeding and therefore would not have served as a basis upon which to

withdraw his plea. As Mr. Frazier has failed to show any resulting prejudice, his ineffective assistance claim must be denied. As Mr. Frazier has failed to make a showing sufficient to establish the existence of the elements essential to his case, the government is entitled to summary judgment.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find the Court's dismissal of Mr. Frazier's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion for summary judgment [DE 50] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 47] is DENIED. A certificate of appealability is also DENIED.

SO ORDERED, this ⟶⟵ day of February, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE